# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNIFIED SYSTEM DIVISION, BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Petitioner,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Respondent. | Case #:<br><br>Judge: |

## PETITION TO ENFORCE AWARD AND ORDER OF PUBLIC LAW BOARD NO. 7660

The Railway Labor Act provides for a system of compulsory arbitration to resolve disputes between employees and carriers growing out of the interpretation and application of collective bargaining agreements. If disputes remain unadjusted, either party may submit the controversy to the National Railroad Adjustment Board ("NRAB") for resolution, or the parties may create a Public Law Board ("PLB"), an arbitration panel composed of three members to hear the dispute and render a decision. The powers of a PLB are coextensive with those of NRAB. Here, Petitioner Unified System Division, Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("USD/BMWED" or "Union") submitted a dispute with Union Pacific Railroad Company ("Carrier") to a PLB. The dispute concerned the termination of Union member David Smith. The PLB found that the Carrier did not sustain its burden to prove that Smith violated the work rule on which it based Smith's termination. The PLB ordered the Carrier to reinstate Smith and make him whole. However, the Carrier has not complied with the

order and has neither reinstated Smith nor compensated him for lost wages and benefits resulting from his dismissal. The Union therefore files this Petition to force the Carrier into compliance.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 45 U.S.C. § 153 First (p) and by 28 U.S.C. § 1331 and § 1337.

## VENUE

2. Venue is proper in this Court under 45 U.S.C. § 153 First (p) because the Respondent's principal place of business is in this District.

## PARTIES

3. Petitioner USD/BMWED is a national labor organization and the duly authorized bargaining representative under the RLA for persons employed by Carrier. USD/BMWED is a "representative" as defined in 45 U.S.C. § 151 Sixth. Its principal place of business is in Long Beach, California.

4. Respondent Union Pacific Railroad Company is a "carrier" within the meaning of 45 U.S.C. § 151 First. Its principal place of business is in Omaha, Nebraska.

## STATEMENT OF FACTS

5. On July 29, 2020, Union member David Smith was terminated by the Carrier for allegedly failing to comply with the Carrier's drug and alcohol policy.

6. The Union filed a timely claim on behalf of Smith, and the issue properly reached Public Law Board No. 7660 ("PLB") for resolution.

7. On January 18, 2023, the PLB issued Award No. 203 (the "Award"). A copy of the Award is attached as **Exhibit A.**

8. In the Award, the PLB found that the Carrier had not sustained its burden of proving that Smith's evidential breath test (EBT) reading was sufficient proof of a positive test result to establish a violation of Rule 1.5 or a second offense under the Carrier's Drug and Alcohol Policy.

9. Accordingly, the PLB ordered that Smith must be returned to work and placed in the same position he was in at the time he was dismissed.

10. The PLB also held that Smith should be compensated for actual loss of straight time wages and benefits resulting from his dismissal.

11. The Carrier was ordered to make the Award effective on or before 30 days following the date of the Award.

12. The Carrier has refused to abide by the Award.

13. In the months since the Award was issued, Union representatives have sent multiple emails to the Carrier requesting compliance with the Award. A copy of the email correspondence is attached as **Exhibit B**.

14. On March 30, 2023, Union Vice Chairman Paul Bellows sent an email to the Carrier's Manager of Labor Relations Christopher Gonzalez. Bellows notified Gonzalez that Smith had not been returned to service, that the matter was urgent, and it needed to be resolved immediately.

15. On March 31, Gonzalez responded by email to Bellows and stated, "This has been turned over to the Law Department and I have informed the Engineering representative to provide updates as she gets them."

16. On May 1, Bellows again followed up with Gonzalez. His email stated, "I just wanted to touch base again on this gentleman. He still has received no updates, and isn't allowed

to log into the [Union Pacific] web yet. Its now been 3 months since Dave has been awarded to go back to work. Is there a representative in the law dept, I should talk to?"

17. On May 2, Gonzalez responded to Bellows and stated, "I just sent another email to Engineering to see if they could provide me a contact in Law that is looking into this one."

18. Hearing nothing further, on August 28, the Union's 1st Vice Chairman and Secretary Treasurer Mike Hallgren followed up with Gonzalez asking about the status of Smith's return to work. Hallgren received no response from Gonzalez.

19. On August 31, Hallgren followed up with Gonzalez again.

20. On September 1, Gonzalez responded and stated, "I have reached out to Law Department who is handling this and will give you the update as soon as they reply."

21. On September 13, the Union's General Chairman Brian Rumler emailed both Gonzalez and the Carrier's Director of Labor Relations Chris Bogenreif to follow up on the Award. He stated, "Will you be following up with this case from your inquiry to the law department 12 days ago? This has been going on for several months and very little response from the Carrier side has taken place."

22. On September 13, Gonzales responded, "I have reached out again and sent to another representative as well to get updates."

23. To date, the Carrier has refused to reinstate and compensate Smith as required by the Award.

## **CLAIM**

24. USD/BMWED incorporates the preceding allegations as if fully set forth herein.

25. Pursuant to the Railway Labor Act, 45 U.S.C. § 153 First (i) provides that where the parties have failed to reach an agreement or adjustment of a dispute, such dispute may be

referred by petition of the parties, or by either party, to the appropriate division of the National Railroad Adjustment Board ("NRAB") for resolution.

26. 45 U.S.C. §153 Second, provides for the creation of special adjustment boards (such as a Public Law Board) as alternative forums to air and determine disputes between employees and railroads otherwise referable to NRAB.

27. 45 U.S.C. § 153 Second provides that awards of special adjustment boards "shall be enforceable by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of [NRAB]."

28. 45 U.S.C. § 153 First (p) provides that if a carrier does not comply with an order of NRAB, the petitioner may file a petition to enforce the order in a District Court of the United States. In such a proceeding,

> [t]he district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board: Provided, however, that such order may not be set aside except for failure of the division to comply with the requirements of this Act, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

29. The Award of PLB No. 7660 complies with the requirements of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

30. The PLB's Award was not tainted by fraud or corruption, and it is final and binding on the parties.

31. Accordingly, pursuant to 45 U.S.C. § 153 First (p) and § 153 Second, USD/BMWED is entitled to have the Award enforced by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, the Union respectfully requests that this Court:

    A.    Enter an order in favor of USD/BMWED enforcing Award No. 203 as issued on January 18, 2023;

    B.    Order the Carrier to reinstate Smith and compensate him as required by the Award;

    C.    Order the Carrier to pay USD/BMWED for its costs and reasonable attorney's fees in this matter per 45 U.S.C. § 153 First (p); and

    D.    Issue any other relief this Court deems just and proper.

DATED: October 9, 2023

Respectfully submitted,

*/s/* Jason McClitis
Jason McClitis (NE Bar #26758)
Blake & Uhlig, P.A.
6803 West 64th Street, Ste. 300
Overland Park, Kansas 66202
Telephone: (913) 321-8884
jrm@blake-uhlig.com

David O'Brien Suetholz (KY Bar # 90199)
(*pro hoc vice* admission pending)
HERZFELD, SUETHOLZ, GASTEL,
LENISKI, and WALL PLLC
515 Park Avenue
Louisville, KY 40208
Telephone: (502) 636-4333
dave@hsglawgroup.com

Rachel Rekowski (OH Bar # 102247)
(*pro hoc vice* admission pending)
HERZFELD, SUETHOLZ, GASTEL,
LENISKI & WALL, PLLC
600 Vine St., Suite 2720
Cincinnati, OH 45202
Telephone: (513) 381-2224
rachel@hsglawgroup.com

*Counsel for Petitioner, Unified System Division, Brotherhood of Maintenance of Way Employes Division of The International Brotherhood of Teamsters*