IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNIFIED SYSTEM DIVISION, BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Petitioner,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Respondent. | 8:23CV442<br><br>MEMORANDUM AND ORDER |

Before the Court is Petitioner's ("the Union's") motion for fees based on a successful motion to confirm an arbitration award issued by a Public Law Board ("the PLB") under the Railway Labor Act ("RLA"). Filing No. 42. Respondent, Union Pacific Railroad Company ("U.P.") agrees the Union is entitled to fees and does not contest the amount of fees requested. Filing No. 45. The Court agrees the rate charged and hours expended were reasonable and therefore awards $28,110 in fees and $727 in costs.

Also before the Court, is the Union's motion for backpay and prejudgment interest. Filing No. 41. U.P. and the Union do not agree on the amount of backpay owed. U.P. does not object to an award of prejudgment interest or the proper rate but the calculation of prejudgment interest is tied to the amount of backpay owed. Because these issues require interpretation of the PLB's award, and were not addressed by the PLB, the Court lacks jurisdiction to resolve the remaining disputes. Therefore, the Court enters judgment finalizing its decision on the merits and attorney fees and remands to the PLB to resolve the backpay and prejudgment interest issues in the first instance.

1

BACKGROUND

This fee petition arises after the Court ordered enforcement of an arbitration award reinstating David Smith to railroad service on cross motions for summary judgment. Filing No. 40. In doing so, the Court rejected U.P.'s arguments that the arbitrator exceeded its jurisdiction or entered an award that was contrary to public policy. *Id.* As the prevailing party, the Union requests the following fees:

| Timekeeper (Firm) | Rate | Hours | Total |
|---|---|---|---|
| David Suetholz (Herzfeld, Sueholz, Gastel, Leniski & Wall PLLC) | $350/hour | 2 | $700 |
| Pamela Newport (Herzfeld, Sueholz, Gastel, Leniski & Wall PLLC) | $350/hour | 6.9 | $2,415 |
| Rachel Rekowski (Herzfeld, Sueholz, Gastel, Leniski & Wall PLLC) | $300/hour | 81.3 | $24,390 |
| Jason McClitis (Blake & Uhilg, P.A.) | $350/hour | 1.3 | $455 |
| Luke Doherty (Blake & Uhilg, P.A.) | $300/hour | 0.5 | $150 |
| Total | n/a | 92 | $28,110 |

Filing No. 42-2 at 3–4. Additionally, the Union seeks $727 in costs, including the filing fee and pro hac vice applications for out-of-state counsel. Filing No. 42-6. U.P. does not oppose an award of fees or costs and agrees both the rate and hours spent are reasonable. Filing No. 45.

The Court previously determined that Smith was entitled to backpay under the terms of the PLB's award. Filing No. 40 at 15. The Union claims the total amount of

backpay is $88,318.89 plus interest.[1] Filing No. 41-2 at 4. U.P. disagrees, raising several issues with the Union's methodology, arguing the value of certain employee benefits should be excluded, and calculating a total award, including prejudgment interest, of $80,365.66. Filing No. 48-1 at 6.

## LEGAL STANDARD

The RLA provides that a prevailing party in an action to enforce an arbitration award relating to a collective bargaining agreement between a railroad and a union "shall be allowed a reasonable attorney's fee." 45 U.S.C. § 153.[2] Fees under the RLA are "mandatory." *Union Pac. R. Co. v. United Transp. Union*, 23 F.3d 1397, 1400 n.2 (8th Cir. 1994). "Attorneys' fees are awarded in the Railway Labor Act in order to redress the imbalance in the wealth of the parties. An individual employee may find much of his award dissipated if forced to bear the costs of the litigation; a union may forego enforcing its rights because the expense of district and appellate court consideration could outweigh the benefits of the award." *Burlington N. Inc. v. Am. Ry. Sup'rs Ass'n*, 527 F.2d 216, 222 (7th Cir. 1975). Reasonable attorney fees are calculated using the lodestar method or a reasonable hourly rate multiplied by a reasonable number of hours expended. *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019). The lodestar is "the guiding light of our fee-shifting jurisprudence" and the Court should only deviate from that number

---

[1] The Union seeks prejudgment interest at the rate set by the Office of Personnel Management. Filing No. 41-1 at 1–2. U.P. does not object to an award of prejudgment interest in this case and agrees the Office of Personnel Management rate is appropriate. Filing No. 48 at 5. However, the amount of prejudgment interest due depends on the value of the underlying backpay award.

[2] The specific statutory section refers to proceedings before the National Railroad Adjustment Board, while the proceedings here took place before a private arbitrator known as a Public Law Board. Proceedings before a Public Law Board are governed by the same rules, including rules on fee shifting, as proceedings before the National Railroad Adjustment Board. See 45 U.S.C. § 153 Second.

in exceptional circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010).

Congress intended for the federal courts to play a limited and deferential role in RLA cases, providing "minor [labor] dispute must be submitted to binding arbitration." *Int'l Ass'n of Sheet Metal, Air, Rail, & Transportation Workers, Transportation Div. v. Kansas City S. Ry. Co.*, No. 23-3332, 2025 WL 86532, at *2 (8th Cir. Jan. 14, 2025) (quoting *Bhd. of Maint. of Way Emps. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 639 (8th Cir. 2001)); *see* 45 U.S.C. § 153 First (m). Under the RLA, the PLB, not the federal courts are responsible for interpreting a collective bargaining agreement and an award by the PLB. *Int'l Ass'n of Sheet Metal*, 2025 WL 86532 at *3. If there is an ambiguity or silence in an award, the proper course is for a federal court to remand to the PLB not undertake its own examination of the collective bargaining agreement and PLB award. *Id.*

## DISCUSSION

### A. Fees

The parties agree: (1) the Union is entitled to fees, and (2) the proposed fees and costs are reasonable. Filing No. 42; Filing No. 45. The Court concludes, based on its independent review of the record, that the costs incurred, rates charged, and hours worked are reasonable.

The Union, who secured enforcement of the arbitration award, is the prevailing party in this litigation, meaning the Court "shall" award "a reasonable attorney's fee." 45 U.S.C. § 153. Therefore, as U.P. recognizes, the Union is entitled to fees and the Court turns to the lodestar analysis.

The rates used by the Union's counsel are reasonable. Counsel are specialized practitioners in a niche area of labor law. Filing No. 42-2 at 4. Counsel's rates are consistent with other practitioners in this area. *Id.* U.P. does not argue that the rates charged by counsel are unreasonable. Filing No. 45. Therefore, the Court concludes counsel's proposed rates are reasonable.

The hours worked by the Union's Counsel are reasonable. The billing records submitted by counsel show an appropriate allocation between senior and junior attorneys and reflect a reasonable number of hours for dispositive motion practice based on the arbitral record. Filing No. 42-3. The time expended is appropriate given the complexity of the issues and the quality of the results for the client. *Id.* The Court's review of the billing records did not reveal duplication of efforts or administrative tasks, indicating that counsel exhibited billing judgment in their fee petition. *Id.* Like with the hourly rate, U.P. does not contest the reasonableness of the hours expended by counsel. Filing No. 45. Therefore, the Court concludes the hours expended by counsel are appropriate and reasonable.

**B. Backpay and Prejudgment Interest**

In the Court's prior order, it determined, under the terms of the PLB's award, Smith was entitled to backpay but the amount of backpay was left open. Filing No. 40 at 15. If there is a dispute over the meaning of a PLB's award, the PLB must address the dispute in the first instance. *Int'l Ass'n of Sheet Metal*, 2025 WL 86532 at *4 (holding a dispute about the application of a PLB's award to certain benefits that was not addressed in the award, must be remanded to the PLB). The parties' submissions demonstrate substantive disputes over the amount of backpay owed. For example, U.P. contends the

Union's calculations underestimated the gross wages, failed to account for certain interim earnings and deductions related to employee benefits. Filing No. 48 at 2–4 (detailing "several errors in [the Union's] calculations" and suggesting the proper course is remanding to the PLB). The PLB's order, which simply requires Smith to "be compensated for actual loss of straight time wages and benefits resulting from his dismissal" does not answer these granular disputes about the backpay calculation. Filing No. 27-4 at 21. Therefore, to resolve the dispute, the Court would be required to interpret the award and "the judicial duty to enforce an arbitration award . . . is neither a duty nor a license to interpret it." *Int'l Ass'n of Sheet Metal*, 2025 WL 86532 at *3 (quoting *Bhd. Ry. Carmen Div., Transp. Commc'ns Int'l Union, AFL-CIO v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 160 (7th Cir. 1992)).

The ambiguity in the backpay award infects the prejudgment interest issue and divests the Court of jurisdiction. Though the parties agree on the propriety of prejudgment interest and the proper rate, the total amount of interest owed is dependent on the PLB's resolution of the parties' disputes over the backpay calculation. *See* Filing No. 48-1 at 5–6 (applying the agreed upon interest rates to the disputed backpay total). So, the Court lacks jurisdiction to decide the prejudgment interest issue. *Int'l Ass'n of Sheet Metal*, 2025 WL 86532 at *4.

The remedies aspect of this case raises questions that are not answered directly by the PLB's award. Congress decided the PLB, not the Court, is the proper body to resolve such questions. *Id.* So, the Court remands to the PLB to undertake the remedies analysis.

6

## CONCLUSION

The Union is entitled to fees, the lodestar figure is presumed reasonable, and U.P. offers no reason to depart from the lodestar. The prejudgment interest and backpay issues are not resolved by the PLB's award and, thus, outside the narrow scope of the Court's jurisdiction under the RLA.

Therefore, IT IS ORDERED:

1. The Union's Motion for Attorney Fees and Costs, Filing No. 42, is granted. U.P. shall pay the Union $28,110 in fees and $727 in costs.

2. The Union's Motion for Backpay and Prejudgment Interest, Filing No. 41, is granted. This case is remanded to Public Law Board No. 7660 for further proceedings consistent with the Court's order on attorney fees, backpay, and prejudgment interest.

3. A separate judgment will issue in conjunction with this Memorandum and Order.

Dated this 23rd day of January, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge